UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 DEC 15 P 1: 53

| | |
|---|---|
| Kevin Jamison, # 210828,<br><br>      Plaintiff,<br><br>vs.<br><br>NFN **Whittleton**, Captain at Evans Correctional Institution;<br>NFN **Walters**, Officer at Evans Correctional Institution;<br>NFN **Hayward**, Sergeant at Evans Correctional Institution; and<br>**Evans Correctional Institution**,<br><br>      Defendants. | ) C/A No. 9:06-3462-SB-GCK<br>)<br>)<br>)<br>)<br>)<br>) **Report and Recommendation**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# Background of this Case

The plaintiff is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections (SCDC). The plaintiff has brought suit pursuant to 42 U.S.C. § 1983 against the Evans Correctional Institution and against three correctional officers of various ranks there. The above-captioned case is the first civil action filed by the plaintiff in the United States District Court for the District of South Carolina.

1

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of an alleged incident of excessive force on October 21, 2001. On that date, the three defendants found a cell phone during a strip search of the plaintiff. The plaintiff acknowledges that a cell phone is contraband. The plaintiff alleges that the defendants, instead of writing up a disciplinary charge, threw him around and injured his shoulder. The plaintiff also alleges that he (the plaintiff) required medical attention, but did not receive medical attention for his injuries until "Day's [sic] Later[.]"

On October 28, 2006, the plaintiff filed a grievance (No. ECI 2195-06). The plaintiff has not yet received an answer on his grievance. In his prayer for relief, the plaintiff seeks $250,000 in damages. In a page appended to the complaint, which serves as the signature page of the complaint, the plaintiff seeks appointment of counsel.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation

Reform Act. The review[1] has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

One defendant in this case is subject to summary because it is not a "person" subject to suit. The Evans Correctional Institution is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the Evans Correctional Institution is not a "person" subject to suit under 42 U.S.C. § 1983. *See* Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310, 1999 U.S.Dist. LEXIS® 9857 (E.D.Va. 1999)("[T]he Piedmont Regional

Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301, 1989 U.S.Dist. LEXIS® 12440 (E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Cf. Wright v. El Paso County Jail, 642 F.2d 134, 136 n. 3 (5th Cir. 1981).

Although excessive force and "deliberate indifference" to serious medical needs are actionable under 42 U.S.C. § 1983, this case is subject to summary dismissal because the plaintiff's grievance is pending. See 42 U.S.C. § 1997e(a), which was enacted as part of the Prison Litigation Reform Act; Porter v. Nussle, 534 U.S. 516, 524, 152 L.E.2d 12, 122 S.Ct. 983, 2002 U.S. LEXIS® 1373 (2002)("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 531 U.S. 956, 149 L.Ed.2d 958, 121 S.Ct. 1819, 2001 U.S. LEXIS® 3982 (2001)(unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action); and

5

Higginbottom v. Carter, 223 F.3d 1259, 2000 U.S.App. LEXIS® 21087 (11th Cir. 2000).

Although the lack of exhaustion of administrative remedies is, generally, considered an affirmative defense and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court, *sua sponte* dismissal prior to service of the complaint is appropriate. *See* Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683, 2005 U.S.App. LEXIS® 8698 (4th Cir. 2005).

In orders filed on May 9, 1996, this court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the standards required by 42 U.S.C. § 1997e(a)(2). *See* the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996).

In order to exhaust the SCDC administrative remedy, an inmate must fill out a Form 10-5 (Step 1 Grievance form) about the matters raised in his grievance and give the form to the Institutional Inmate Grievance Coordinator within **fifteen (15)** days of the alleged incident of which the inmate complains. The grievance coordinator has **nine (9)** days from the time the grievance is

presented by the inmate to put it into SCDC's automated system. Once the grievance is properly entered into the SCDC automated system, the Warden should then respond to the Step 1 grievance in writing within **forty (40) days**. If the inmate is not satisfied with the Warden's response, then, within **five (5)** days, he or she must file an appeal of the Step 1 grievance response by filing a Form 10-5a (Step 2 Appeal) to the Responsible Official with the Inmate Grievance Coordinator. A responsible SCDC official will then have **sixty (60)** days to respond to the Step 2 grievance. The decision of the "responsible official" who answers Step 2 is the Department's final response in the matter.

Even if SCDC fails to respond to the plaintiff's Step 1 grievance and, as a result, leaves the plaintiff with no decision to appeal to Step 2, the plaintiff must still refrain from filing suit in federal court until all time periods for both steps to be completed have expired. Once the full period for prison responses has run without the issuance of any response, it is generally held that the inmate has substantially complied with the § 1997e exhaustion requirement. *See, e.g.*, Boyd v. Corrections Corp. of America, 380 F.3d 989, 996, 2004 U.S.App. LEXIS® 18903 (6th Cir. 2004)("Following the lead of the . . . other circuits that have considered this issue, we conclude that administrative remedies are exhausted when prison officials fail to timely

respond to a properly filed grievance), *cert. denied*, 544 U.S. 920, 161 L.Ed.2d 477, 125 S.Ct. 1639, 2005 U.S. LEXIS® 2458 (2005); Jernigan v. Stuchell, 304 F.3d 1030, 1032, 2002 U.S.App. LEXIS® 19144 (10th Cir. 2002)("agree[ing with other circuits] that the failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable"); Lewis v. Washington, 300 F.3d 829, 833, 2002 U.S.App. LEXIS® 16388 (7th Cir. 2002)(stating that prison's failure timely to respond renders administrative remedies unavailable); Foulk v. Charrier, 262 F.3d 687, 698, 2001 U.S.App. LEXIS® 18707 (8th Cir. 2001)(holding that defendants failed to prove non-exhaustion where they presented no evidence to refute plaintiff's contention that he could not pursue grievance further after warden did not respond to his grievance); and Underwood v. Wilson, 151 F.3d 292, 295, 1998 U.S.App. LEXIS® 18884 (5th Cir. 1998)(holding that "available administrative remedies are exhausted when the time limits for the prison's response set forth in the prison Grievance Procedures have expired"), *cert. denied*, 526 U.S. 1133, 143 L.Ed.2d 1012, 119 S.Ct. 1809, 1999 U.S. LEXIS® 3500 (1999). Under such circumstances, an inmate of the South Carolina Department of Corrections who files a Step 1 grievance but receives no response thereto must wait at least 114 days



(approximately four (4) months) from the time he or she files a Step 1 grievance before it may be said that he or she has exhausted "such administrative remedies as are available."[3] 42 U.S.C. § 1997e(a).

The Supreme Court held that the PLRA "seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Woodford v. Ngo, 165 L.Ed.2d 368, 126 S.Ct. 2378, 2006 U.S. LEXIS® 4891 (2006)(PLRA requires "proper exhaustion" of administrative remedies).[4]

---

[3]It appears that as long as the inmate waits the full 114 days established for the running of the entire process through Step 2, he or she may then file suit in federal court even though he or she has not formally completed Step 2. This is true because the SCDC policy states, in pertinent part, "[i]f, at the institutional level, the response to the grievance exceeds the established time limits, the grievance will automatically proceed to the next level of appeal." Section 14(e) of the SCDC policy. See Boyd; Jernigan; Lewis; Foulk; and Underwood. The 114-day period is determined by giving the maximum amount of time provided in the SCDC policy for each step in the process and assuming that no extensions of time are sought and the SCDC fails to timely respond to the Step 1 grievance within the forty (40) days allowed or fails to request a specific continuance of the established time to respond by SCDC officials at any point during the process. See Section 16 of the SCDC Policy, which provides that all grievances are to be disposed of within 105 days from the entry of the Step 1 grievance. Since the institutional grievance coordinator has nine (9) days to enter the Step 1 grievance, the sum of the nine-day entry period and the 105-day period set forth in Section 16 is 114 days. The one hundredth fourteenth day will fall on Monday, February 19, 2007, a federal holiday (Presidents Day). Hence, if the plaintiff receives no answer on his grievance, he must wait until Tuesday, February 20, 2007, before bringing suit.

[4]In light of the recent decision of the United States Court of Appeals for the Fourth Circuit in Green v. Young, 454 F.3d 405, 2006 U.S. App. LEXIS® 18685 (4th Cir. 2006)(dismissal under PLRA for failure to exhaust administrative remedies does not count as a "strike" for purposes of the "three strikes" rule), imposition is a strike is not appropriate in the above-captioned case.

# Recommendation

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

Respectfully submitted,

*[signature]*

George C. Kosko
United States Magistrate Judge

December 5, 2006
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

## Larry W. Propes, Clerk
## United States District Court
## Post Office Box 835
## Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

11