IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2007 JAN 22  A 10: 15

| | |
|---|---|
| Kevin Jamison, #210828, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 9:06-3462-SB |
| ) | |
| NFN Whittleton, Captain at Evans ) | |
| Correctional Institution; NFN Walters, ) | **ORDER** |
| Officer at Evans Correctional ) | |
| Institution; NFN Hayward, Sergeant at ) | |
| Evans Correctional Institution; and ) | |
| Evans Correctional Institution, ) | |
| ) | |
| Defendants. ) | |



This matter is before the Court upon the *pro se* Plaintiff's complaint, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The record contains a report and recommendation of the United States Magistrate Judge ("R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). In the R&R, filed December 15, 2006, the Magistrate Judge recommends that the Court dismiss the Plaintiff's complaint without prejudice and without issuance and service of process. A party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On December 21, 2006, the Plaintiff filed a one-page letter in response to the R&R.

## BACKGROUND

In his complaint, the Plaintiff asserts a claim for excessive force arising out of an

incident that occurred on October 21, 2006.¹ With respect to this incident, the Plaintiff asserts that the named Defendants found a cell phone on him, which is contraband, and that they "took it upon themselves to dish out the punishment, before a hearing." (Pl.'s Compl. at 3.) The Plaintiff alleges that he injured his shoulder as a result of this incident and that he needed medical attention but did not receive any "until day's [sic] later." (Pl.'s Compl. at 3.) The Plaintiff seeks $250,000.00 for his pain and suffering in his prayer for relief. According to the Plaintiff's complaint, he filed a grievance regarding this matter on October 28, 2006, but he has not yet received a final answer or determination. In a page attached to his complaint, which also serves as his signature page, the Plaintiff makes a motion for court-appointed counsel.

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. Id. After a review of the entire record, the R&R, and Jamison's response to the R&R, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court

---

¹ It appears that the R&R mistakenly refers to an incident on October 21, 2001, when in fact, the Plaintiff alleges that the incident occurred on October 21, 2006.

2

adopts the R&R in whole and incorporates it by specific reference into this Order.

## DISCUSSION

In the R&R, the Magistrate Judge first finds that one Defendant, the Evans Correctional Institution, is subject to summary dismissal because it is not a "person" subject to suit pursuant to 42 U.S.C. § 1983. See, e.g., Preval v. Reno, 57 F. Supp. 2d 307, 310 (4th 2000) (unpublished) ("[T]he Piedmont Regional Jail is not a "person" and is therefore not amenable to suit under § 1983 . . . ."). The Plaintiff does not seem to dispute this finding, and ultimately, the Court agrees with the Magistrate Judge's determination that the Evans Correctional Institution is not amenable to suit under § 1983.

In any event, as the Magistrate Judge points out, the Plaintiff's complaint is subject to summary dismissal because his grievance is still pending. "As a general rule, plaintiffs proceeding under § 1983 need not exhaust state administrative remedies before filing suit. The PLRA, however, reversed that rule as to prison-condition lawsuits." Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 676 (4th Cir. 2005) (citing Porter v. Nussle, 534 U.S. 516, 523 (2002); Patsy v. Bd. of Regents, 457 U.S. 496, 516 (1982), and 42 U.S.C.A. § 1997e(a)). Section 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1994 ed., Supp. V). "There is no doubt that the PLRA's exhaustion requirement is mandatory." Anderson, 407 F.3d at 677 (citing Porter,

3

534 U.S. at 524). "All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when a prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Porter, 534 U.S. at 524.

Although exhaustion is a prerequisite to suit, it is not a pleading requirement. Anderson, 407 F.3d at 677. Thus, a plaintiff need not allege exhaustion of remedies in his complaint, but rather, failure to exhaust is an affirmative defense. Id. However, as the court stated in Anderson, the "determination that failure-to-exhaust is an affirmative defense does not foreclose in all cases the possibility of a *sua sponte* dismissal on exhaustion grounds." Id. at 681. Thus, in cases where a complaint clearly shows that an inmate has not exhausted his administrative remedies, *sua sponte* dismissal is appropriate. Id. at 682.

Here, the Plaintiff's complaint clearly shows that he has not exhausted his administrative remedies. In fact, as previously mentioned, the Plaintiff admits in his complaint that he filed a grievance regarding this matter on October 28, 2006, but that he has not yet received a final answer or determination. Moreover, in his response to the R&R, the Plaintiff states that the "Grievance lady" at Evans Correctional Institution told him that his "grievance form [had] been forwarded to the central office in Columbia to be reviewed by the Division of Investigations." (Pl.'s Response to R&R at 1.) Ultimately, because the Plaintiff's complaint and his response to the R&R both clearly show that the Plaintiff has not exhausted his administrative prison remedies, the Court finds *sua sponte* dismissal of the

4

Plaintiff's complaint appropriate.

Next, with respect to the Plaintiff's response to the R&R, it is fair to say that the Plaintiff does not make any specific objections to the R&R. Rather, the Plaintiff lists the documents he mailed to the Court and states, as previously mentioned, that his grievance was forwarded to Columbia to be reviewed. Next, the Plaintiff asks how long it will take for his case to get into court, and he requests copies of all of the documents he mailed to the Court. Finally, the Plaintiff asks, "I wanna know is y'all gonna appoint me a lawyer on this case?" (Pl.'s Response to R&R at 1.) In all, the Court finds that the Plaintiff's response to the R&R fails to state any valid, specific objection to the R&R, and thus, his response warrants no further consideration by the Court.

Finally, with respect to the Plaintiff's request for court-appointed counsel, "it is well settled that there is no right to the appointment of counsel in an action brought pursuant to 42 U.S.C. § 1983." Joe v. Funderburk, 2006 WL 2707011, * 4 (D.S.C. Sept. 18, 2006) (citing Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975)). And although the courts have the authority to appoint counsel for indigent defendants in civil cases, see 28 U.S.C. § 1915(e), courts should only exercise this authority in "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Here, the Court finds that no "exceptional circumstances" warrant the appointment of counsel. Accordingly, the Court denies the Plaintiff's request for court-appointed counsel.

## CONCLUSION

For the reasons stated herein, the Court hereby adopts the R&R as the Order of the Court, and it is

**ORDERED** that the Plaintiff's complaint is dismissed without prejudice and without issuance and service of process. Additionally, the Plaintiff's motion for court-appointed counsel is denied.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

January 22, 2007
Charleston, South Carolina

